NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-91-GFVT

NEGRO GAREY                                                                                                    PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

ALBERTO GONZALEZ                                                                                         RESPONDENT

Negro Garey, a/k/a Eddie Milton Garey, Jr., Eddie Garey, and Milton Garey ("Garey"), an individual incarcerated in the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he challenges the validity and execution of a search warrant that lead to his arrest and subsequent criminal prosecution [Record No. 2].

This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002) (unpublished disposition). As Garey is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## BACKGROUND

Garey was arrested by federal officers on September 12, 2003, for phoning in multiple bomb threats, counterfeiting, and extortion. Garey was charged with obstruction of justice under 18 U.S.C. §1951, threatening to use a weapon of mass destruction under 18 U.S.C. §2332a(2), making a threat affecting interstate commerce under 18 U.S.C. §844(e), making counterfeit securities under 18 U.S.C. §513, and possession of ammunition by a convicted felon under 18 U.S.C. §922(g)(1).

At the request of the government, Garey's competence to stand trial was assessed and found satisfactory. Garey's motion for different appointed counsel was rejected by the trial court, which determined that Garey desired to represent himself during the trial. A jury convicted Garey on all counts on December 17, 2004. *United States v. Garey*, 03-CR-83, Middle District of Georgia [Record Nos. 1, 180, 214, 215 therein]. On August 10, 2005, Garey was sentenced to a total term of 360 months' incarceration to be followed by a five-year term of supervised release. *United States v. Garey*, 383 F.Supp.2d 137 (M.D. Ga. 2005) (sentencing order).

On April 11, 2007, the Eleventh Circuit vacated Garey's conviction, finding that Garey had not knowingly and voluntarily waived his right to representation by counsel. *United States v. Garey*, 05-14631, Court of Appeals for the Eleventh Circuit. No further proceedings have taken place in the trial court pending issuance of the mandate by the Eleventh Circuit.

## DISCUSSION

In his petition, Garey asserts that the search warrant for his home and person in his criminal proceeding was not supported by probable cause and was improperly carried out by state and federal law enforcement officers.

Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the original and appellate proceedings in Garey's criminal trial. Once the Eleventh Circuit issues its mandate consistent with the opinion entered on April 11, 2007, Garey's criminal conviction which he now attacks will be vacated. At that time, Garey's status will change from that of a prisoner to a pretrial detainee.

As the Tenth Circuit has aptly explained:

> To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir.1988); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir.1987); *Moore v. United States*, 875 F.Supp. 620, 623 (D.Neb.1994). The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping." [This] petition presents precisely these dangers, as the trial court had no opportunity to rule on the issues [petitioner] raises.

*Hall v. Pratt*, 2004 WL 740036 (10th Cir. 2004) (unpublished disposition). This approach is followed in the Sixth Circuit. *See Holland v. Gilliam*, 1991 WL 150821 (6th Cir. 1991) (unpublished disposition) (noting that "Habeas corpus relief is not available where, as here, petitioner may pursue his claim in the underlying criminal proceedings," the Sixth Circuit affirms the district court's dismissal of a federal pretrial detainee's Section 2241 habeas petition alleging that he was subjected to an illegal search and seizure); *Horning v. Seifart*, 1997 WL 58620 (6th Cir. 1997) (unpublished disposition) ("The habeas petition was properly dismissed as that remedy cannot be invoked to raise defenses to a pending federal criminal prosecution."). As the record of Garey's criminal proceedings in the trial court in Georgia do not demonstrate that he has raised these issues before that court, his petition will be denied for failure to exhaust his available remedies.

**CONCLUSION**

Accordingly, it is **ORDERED** as follows:

(1)  Petitioner Garey's petition for a writ of habeas corpus is **DENIED.**

(2)  The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 7th day of May, 2007.

Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**